SCOTT KEITH WILSON, Federal Public Defender (#7347)
WOJCIECH NITECKI, Assistant Federal Defender (#12187)
OFFICE OF THE FEDERAL PUBLIC DEFENDER
DISTRICT OF UTAH
Attorneys for Defendant
46 West Broadway, Suite 110
Salt Lake City, Utah 84101
Telephone: (801) 524-4010
Fax: (801) 524-4060

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, | **STIPULATED MOTION TO CORRECT PRESENTENCE INVESTIGATON REPORT AND TO MODIFY THE TERM OF IMPRISONMENT TO 78 MONTHS** |
| Plaintiff, | |
| v. | |
| ALBANY MUCINO OLVERA, | Case No. 4:18-cr-00091 |
| Defendant. | Judge David Nuffer |

The Defendant, Albany Mucino Olvera, by and through counsel of record, Wojciech Nitecki, hereby moves this Court to order the correction of the presentence investigation report to reflect the base offense level of 31, the total offense level of 24, the guideline range of 57-71 months, and to modify the imposed term of imprisonment to 78 months. The government joins in this motion. This Court has jurisdiction to grant the request pursuant to 18 U.S.C § 3582(c)(A)(ii).

## <u>GROUNDS</u>

On January 27, 2020, this Court sentenced Mr. Olvera to 84 months in prison and 60 months of supervised release. The agreed upon range was 78 to 102 months. Prior to sentencing, Defendant moved to reduce his offense level by 2 or 3 levels pursuant to U.S.

Sentencing Guideline § 3B1.2.  On the day of the sentencing, and before the defense met its burden, the government agreed to a 2-level reduction.  Defendant took the government's offer to stipulate and chose to not present evidence.  This Court accepted the stipulation, granted Defendant's motion, and ordered U.S. Probation to reduce the offense level 2 levels to 27, which resulted in the guideline range of 78 to 97 months.

Subsequently, counsel for Mr. Olvera discovered that the base offense level should have been reduced by an additional 3 levels, to 31.   This is because, pursuant to § 2D1.1(a)(5), Mr. Olvera's base offense level of 34 should have been reduced 3 additional levels after this Court found that he was a minor participant under § 3B1.2.  To this end, § 2D1.1(a)(5) requires a "decrease by 3 levels" when "the defendant receives an adjustment under § 3B1.2 (Mitigating Role); and . . . the base offense level under subsection (c) . . . is . . . level 34 or level 36 [.]"  U.S. Sentencing Guidelines Manual § 2D1.1(a)(5).  This reduction is in addition to the 2-level reduction under § 3B1.2.  See U.S. Sentencing Guidelines Manual § 3B1.2 cmt. 6.

The parties, including U.S Probation, agree that the correctly calculated base offense level for a minor participant in this case is 31.[1]  Accordingly, Mr. Olvera's final offense level should have been 24, with the resulting guideline range of 57-71 months.

The government, however, contends that it would have opposed the 2-level minor participant reduction in this case, if it had known that this would have resulted in the additional 3-level reduction in the offense level.   While it agrees that the accurate guideline in this case is presently 57-71 months, the government maintains that the 78-102 range was reasonable in this case considering the amount of the controlled substances involved.  However, since the high end of the guidelines after the additional 3-level reduction is lower than the low end of the agreed

---

[1] Probation Officer Cahoon told counsel for Mr. Olvera that he would have calculated the base offense level of 31 if the government stipulated to the mitigating role as part of the plea negotiations.

upon range, the government supports Defendant's request to reduce his prison sentence 6 months, to 78 months.  The parties agree that, under the circumstances, "extraordinary and compelling reason[] warrant[s] such a reduction[.]"  See 18 U.S.C § 3582(c)(A)(i).

RESPECTFULLY SUBMITTED this 30th day of March, 2020.


*/s/ Wojciech Nitecki*
WOJCIECH NITECKI
Assistant Federal Defender