IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>ALBANY MUCINO OLVERA,<br><br>  Defendant. | **ORDER GRANTING STIPULATED MOTION TO CORRECT PRESENTENCE INVESTIGATON REPORT AND TO MODIFY THE TERM OF IMPRISONMENT TO 78 MONTHS**<br><br>Case No. 4:18-cr-00091<br><br>Judge David Nuffer |

Based on the Stipulated Motion to Correct Presentence Investigation Report and To Modify the Term of Imprisonment to 78 Months filed by defendant, Albany Mucino Olvera, in the above-entitled case, and for good cause appearing, the court makes the following findings:

## **GROUNDS**

On January 27, 2020, this Court sentenced Mr. Olvera to 84 months in prison and 60 months of supervised release.  The agreed upon range was 78 to 102 months.  Prior to sentencing, Defendant moved to reduce his offense level by 2 or 3 levels pursuant to U.S. Sentencing Guideline § 3B1.2.  On the day of the sentencing, and before the defense met its burden, the government agreed to a 2-level reduction.  Defendant took the government's offer to stipulate and chose to not present evidence.  This Court accepted the stipulation, granted Defendant's motion, and ordered U.S. Probation to reduce the offense level 2 levels to 27, which resulted in the guideline range of 78 to 97 months.

Subsequently, counsel for Mr. Olvera discovered that the base offense level should have been reduced by an additional 3 levels, to 31.  This is because, pursuant to § 2D1.1(a)(5), Mr.

Olvera's base offense level of 34 should have been reduced 3 additional levels after this Court found that he was a minor participant under § 3B1.2. To this end, § 2D1.1(a)(5) requires a "decrease by 3 levels" when "the defendant receives an adjustment under § 3B1.2 (Mitigating Role); and . . . the base offense level under subsection (c) . . . is . . . level 34 or level 36 [.]" U.S. Sentencing Guidelines Manual § 2D1.1(a)(5). This reduction is in addition to the 2-level reduction under § 3B1.2. See U.S. Sentencing Guidelines Manual § 3B1.2 cmt. 6.

The parties, including U.S Probation, agree that the correctly calculated base offense level for a minor participant in this case is 31.[1] Accordingly, Mr. Olvera's final offense level should have been 24, with the resulting guideline range of 57-71 months.

The government, however, contends that it would have opposed the 2-level minor participant reduction in this case, if it had known that this would have resulted in the additional 3-level reduction in the offense level. While it agrees that the accurate guideline in this case is presently 57-71 months, the government maintains that the 78-102 range was reasonable in this case considering the amount of the controlled substances involved. However, since the high end of the guidelines after the additional 3-level reduction is lower than the low end of the agreed upon range, the government supports Defendant's request to reduce his prison sentence 6 months, to 78 months. The parties agree that, under the circumstances, "extraordinary and compelling reason[] warrant[s] such a reduction[.]" See 18 U.S.C § 3582(c)(A)(i).

Based on the foregoing findings, IT IS HEREBY ORDERED that Mr. Olvera's presentence investigation report be corrected to reflect the base offense level of 31, the total offense level of 24 and the guideline range of 57-71 months.

---

[1] Probation Officer Cahoon told counsel for Mr. Olvera that he would have calculated the base offense level of 31 if the government stipulated to the mitigating role as part of the plea negotiations.

IT IS FURTHER ORDERED that the term of imprisonment will be modified to 78 months. An amended Judgement will issue.

DATED this ____ day of March, 2020.

BY THE COURT:

_____
DAVID NUFFER
United States District Court Judge