IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ALBANY MUCINO OLIVERA, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER TAKING UNDER ADVISEMENT MOTION TO CORRECT PRESENTENCE INVESTIGATION REPORT AND TO MODIFY THE TERM OF IMPRISONMENT** <br><br> Case No. 4:18-cr-00091-DN <br><br> District Judge David Nuffer |

Defendant seeks to correct the presentence investigation report and modify his term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).[1] The government and the United States Probation Office stipulate to the Motion.[2] The explanation of the reason for the motion is compelling, and the relief requested is merited. However, because Defendant fails to establish jurisdiction under 18 U.S.C. § 3582(c)(1)(A), his Motion[3] is taken under advisement pending the parties' statement of an appropriate legal basis for the Motion.

## DISCUSSION

Defendant argues that 18 U.S.C. § 3582(c)(1)(A) confers jurisdiction over his Motion. "The First Step Act . . . modified 18 U.S.C. § 3582(c) to allow a defendant federal prisoner to file [a] motion [for compassionate release or a sentence modification] with the court him or

---

[1] Stipulated Motion to Correct Presentence Investigation Report and to Modify the Term of Imprisonment to 78 Months ("Motion"), docket no. 64, filed Mar. 30, 2020.

[2] *Id*.

[3] *Id*.

herself."[4] However, before a defendant may file such a motion, the defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[5] If one of these requirements is satisfied, "a court may reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons warrant such a reduction,' and that such reasons 'could not reasonably have been foreseen by the court at the time of sentencing.'"[6] But if the requirements are not satisfied, "[t]he court may not modify a term of imprisonment once it has been imposed."[7]

Defendant's Motion includes no assertion, evidence, or argument that either of the prerequisites for filing a motion under § 3582(c)(1)(A) are satisfied. Therefore, jurisdiction over Defendant's Motion is lacking.[8] However, because the facts presented in the Motion are compelling, the Motion will be taken under advisement for two weeks to permit the parties to state an appropriate legal basis for the Motion.

---

[4] *United States v. Williams*, No. 2:17-cr-00417-DAK, 2020 WL 806026, *1 (D. Utah Feb. 18, 2020) (citing 18 U.S.C. § 3582(c)(1)(A); *United States v. Willis*, 382 F.Supp.3d 1185, 1187 (D. N.M. 2019)).

[5] 18 U.S.C. § 3582(c)(1)(A).

[6] *Williams*, 2020 WL 806026, *1 (quoting 18 U.S.C. § 3582(c)(1)(A)(i); 28 C.F.R. § 571.60).

[7] 18 U.S.C. § 3582(c).

[8] Additionally, it is worth noting that "extraordinary and compelling reasons" warranting relief under § 3582(c)(1)(A) are generally considered serious medical conditions, the defendant's age, family circumstances, and other reasons. U.S.S.G. 1B1.13; *Williams*, 2020 WL 806026, *1 (quoting *United States v. Gutierrez*, No. CR 05-0217 RB, 2019 WL 2422601, *2 (D. N.M. June 10, 2019)) Defendant's basis for seeking relief under § 3582(c)(1)(A) is a miscalculation in his base offense level, caused by inadvertence or error. Motion at 2-3. If, after satisfying the filing prerequisites, Defendant files a renewed motion under § 3582(c)(1)(A), the renewed motion must include citation to legal authority and argument regarding how such circumstances are sufficient extraordinary and compelling reasons to warrant relief.

## ORDER

IT IS HEREBY ORDERED that Defendant's Motion[9] is taken under advisement pending the parties' statement of an appropriate legal basis for the Motion. If none is provided by April 23, 2020, the Motion will be denied for lack of jurisdiction.

Signed April 9, 2020.

BY THE COURT

David Nuffer
United States District Judge

---

[9] Docket no. 64, filed Mar. 30, 2020.